# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CAMILLE M. HARRIS, ET AL., <br><br> Defendant. | No. 1:12-CR-579 <br><br> JUDGE PATRICIA GAUGHAN |

## NON-PARTY GOOGLE INC.'S
## MEMORANDUM IN SUPPORT OF MOTION TO QUASH WITNESS SUBPOENA

### I.    INTRODUCTION & FACTUAL SUMMARY

Federal Rule of Evidence 902(11) is intended to obviate the need for a live witness to authenticate business records at trial. To that end, Google Inc. ("Google") has provided the government with a 902(11) declaration to authenticate and admit certain email records that Google produced and the government intends to use at trial in this matter. *See* Exhibit 1 hereto. Nevertheless, the government has served Google with a witness subpoena to authenticate these business records at trial. *See* Exhibit 2 (hereafter, the "Witness Subpoena"). Despite the dictates of Rule 902(11), the Witness Subpoena demands that Google send one of its California-based records custodians across the country to provide testimony on information that is well within the ambit of information covered by Rules 803(6) and 902(11). It is Google's understanding that the government would prefer to introduce these records through Google's declaration rather than live

testimony, but it has been forced to issue the Witness Subpoena because of the defendant's refusal to stipulate to the authenticity of the records.[1]

Accordingly, Google respectfully requests that the Witness Subpoena be quashed because its business records can be authenticated and admitted without live testimony, thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

## II. ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., United States v. Bergeson*, 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a witness subpoena under Rule 17(c)(2)); *U.S. v. Washington*, No. CR 11–61–M–DLC, 2012 U.S. Dist. LEXIS 104582 (D. Mont. July 26, 2012) (granting motion to quash witness subpoena under Rule 17(c)(2)) (attached hereto as Exhibit 5).

### A. The Testimony Contemplated by the Witness Subpoena is Duplicative and Unnecessary.

Federal Rule of Evidence 803(6)(D) provides an exception to the hearsay rule for records of regularly conducted business activity as shown "by a certification that complies with Rule 902(11)[.]"

---

[1] On Wednesday, September 11, 2013, the government informed Google's counsel that the Witness Subpoena was withdrawn because the Court suppressed the subject emails. *See* Declaration of John K. Roche, ¶ 2 (attached hereto as Exhibit 3). Nevertheless, at 6:00 p.m. on Monday, September 16, 2013, counsel for the government left Google's counsel a voicemail stating that the government now intended to enforce the Witness Subpoena because it hoped to sever the trial and admit the underlying emails against a defendant who did not have standing to suppress them. *Id.* ¶ 3.

Federal Rule of Evidence 902(11) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(11) Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.

In the case at bar, there is no dispute that the email records produced by Google are business records under Rule 803(6). There is also no dispute that the declaration that accompanied Google's document production complies with Rule 902(11). Therefore, the documents produced by Google have been authenticated and the government's request for live testimony as to their authenticity is duplicative and unreasonable. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 322-23 (2009) (a clerk can by affidavit authenticate or provide a copy of an otherwise admissible record); *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *U.S. v. Johnson*, 688 F.3d 494, 504 (8th Cir. 2012) ("[C]ertificates of authenticity presented under Rule 902(11) are not testimonial.") (collecting cases); *see also United States v. Green*, 396 Fed. Appx. 573, 574-75, 2010 U.S. App. LEXIS 18247, at *2 (11th Cir. 2010) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Metro PCS custodian) (attached hereto as Exhibit 6); *U.S. v. Mallory*, 461 Fed. Appx. 352, 357, 2012 U.S. App. LEXIS 1067, at *4 (4th Cir. Jan. 19, 2012) ("*Melendez-Diaz* makes clear that the Sixth Amendment right to confront witnesses does not include the right to confront a

records custodian who submits a Rule 902(11) certification of a record that was created in the course of a regularly conducted business activity.") (attached hereto as Exhibit 7); *cf. U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted).[2]

Indeed, to enforce the Witness Subpoena would defeat the very purpose for which Rule 902(11) was enacted, for as noted by one of the drafters of the rule:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.*, 409 F. Supp. 2d. 1008, 1052 (N.D. Ill. 2006).[3]

---

[2] *See also U.S. v. Brito*, No. 1:11–cr–00060, 2012 U.S. Dist. LEXIS 18167, at *10 (N.D. Ga. Feb. 9, 2012) (granting government's motion to introduce telephone records via business record certification from the provider) (attached hereto as Exhibit 8); *U.S. v. Marshall*, No. 07-20569-CR, 2008 U.S. Dist. LEXIS 48806, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial.") (attached hereto as Exhibit 9); *U.S. v. Warshak*, No. 1:06-CR-00111, 2007 U.S. Dist. LEXIS 94996, at *6 (S.D. Ohio Dec. 28, 2007), *rev'd in part on other grounds*, 631 F.3d 266 (6th Cir. 2010) ("the Court agrees with the government that Defendants' Confrontation Clause objection lacks merit in relation to certifications of custodians of business records.") (attached as Exhibit 10).

[3] *See also Lorraine v. Markel American Insurance Co.*, 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating

B.  **The Burden Imposed on Google by Complying With the Witness Subpoena Outweighs Any Purported Interest in Enforcing the Subpoena.**

In assessing whether to enforce a witness subpoena issued pursuant to Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45 since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

When assessing a motion to quash a subpoena issued pursuant to Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.32 (3d ed. 2007) citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003).

The government cannot demonstrate any interest in enforcing the Witness Subpoena beyond proving that which has already been proven: the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11). Indeed, it is Google's understanding that the government would prefer to introduce these records through Google's declaration rather than live testimony, but it

---

business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes*, No. 03 C 8056, 2006 U.S. Dist. LEXIS 8357, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'"), quoting Advisory Committee Notes, 2000 Amendments to Rule 902 (attached as Exhibit 11).

has been forced to issue the Witness Subpoena because of defendant's refusal to stipulate to authenticity even though the cases cited above demonstrate that defendant cannot have any valid objection to Google's declaration.

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena. Specifically, Google maintains a dedicated team for responding to legal process. *See* Declaration of Darren Hubbard at ¶ 2 (attached hereto as Exhibit 4). Google's team receives literally tens of thousands of requests for records on an annual basis. *Id.* The types of investigations that lead to these requests run the gamut from kidnappings and other emergencies, to routine civil and criminal demands for records. *Id.* Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11). *Id.* If courts refused to accept Google's declarations of authenticity, and Google was therefore forced to send one of its California-based records custodians to attend each and every criminal trial throughout the country in which its business records are offered as evidence, it would simply be impossible for Google to sufficiently staff its team. *Id.*

Accordingly, when the government's tenuous interest in enforcing the Witness Subpoena is weighed against Google's interest in seeing that one of its records custodians is not forced to fly across the country to give mere minutes of testimony, the balance favors Google.

### III. CONCLUSION

For the reasons stated, Google respectfully submits that the Witness Subpoena is unreasonable and oppressive and should be quashed in its entirety.

Respectfully submitted,

KOHRMAN JACKSON & KRANTZ P.L.L.

JONATHAN T. HYMAN (0068812)
One Cleveland Center, 20th Floor
1375 East Ninth Street
Cleveland, OH 44114
Phone: 216-696-8700
Fax: 216-621-6536
jth@kjk.com
*Attorneys for Google Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on the 17th day of September 2013, I served the foregoing on all counsel of record via electronic mail.

Myron P. Watson
myronwatson@ymail.com
*Attorney for Defendant Kenneth T Embry*

William B. Norman
willnorman@normantayeh.com
*Attorney for Defendant Camille M Harris*

Edward S. Wade, Jr.
abogadowade@yahoo.com
*Defendant Deon D Levy*

Derek Kleinmann
derek.kleinmann@usdoj.gov

James Morford
james.morford@usdoj.gov

Robert J. Patton
Robert.Patton2@usdoj.gov

*Attorneys for Plaintiff*

_____
JONATHAN T. HYMAN (0068812)